# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.C., K.T-G., K.T., K.G.-1, and K.G.-2.**

**No. 18-0361** (Wood County 16-JA-60, 61, 62, 63, and 17-JA-265)

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel Courtney L. Ahlborn, appeals the Circuit Court of Wood County's March 27, 2018, order terminating her parental rights to K.C., K.T-G., K.T., K.G.-1, and K.G.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Eric K. Powell, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without the imposition of a less-restrictive alternative and in denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 19, 2016, the DHHR filed an abuse and neglect petition alleging that petitioner and her boyfriend were arrested and incarcerated, for delivery of heroin, and that they abused and sold heroin in the home they shared with the children.[2] The DHHR also alleged that the home was unsafe and unsanitary for the children. Petitioner waived the preliminary hearing. On

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as K.G.-1 and K.G.-2, respectively, throughout this memorandum decision.

[2]At the time the original petition was filed, petitioner and her boyfriend had one child together, K.G.-1. Petitioner is also the biological mother of K.C. Petitioner's boyfriend's biological child, K.T., also lived in the home. Although not a biological child of petitioner or her boyfriend, the boyfriend had custody of K.T-G. and claimed to be the child's psychological parent. K.T. and K.T-G. share the same mother. Petitioner and her boyfriend are also the biological parents of K.G.-2, who was born after the original petition was filed.

1

June 2, 2016, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. The circuit court granted petitioner a six-month post-adjudicatory improvement period and ordered her to complete parenting and adult life skills classes and comply with drug screens and treatment for her addiction.

On February 21, 2017, the circuit court held a review hearing and granted petitioner an extension of her post-adjudicatory improvement. The DHHR reported that petitioner had been compliant with the terms and conditions of her post-adjudicatory improvement period. On April 28, 2017, the circuit court held a review hearing. The DHHR reported that petitioner screened positive for illegal substances on April 3, 2017, and April 17, 2017. She admitted to using heroin on April 17, 2017, but denied other use. Petitioner was ordered to continue participating in services, and the matter was scheduled for further review in June of 2017. On June 2, 2017, the circuit court held a review hearing where it found that petitioner was compliant with her improvement period. The circuit court granted petitioner an additional six-month improvement period.

On August 23, 2017, the circuit court held a review hearing. The DHHR reported that petitioner had had several positive drug screens for heroin. Counsel for petitioner indicated that petitioner would submit to inpatient substance abuse treatment. According to the guardian, one of the children reported allegations of "drug activity" in the home during a visit. The circuit court suspended visitation with the children until petitioner could produce "a series of clean and normal drug screens." Following the hearing, during a forensic interview, the child again disclosed that petitioner was packaging drugs in the home during an unsupervised visit.

Following the birth of K.G.-2 in September of 2017, the DHHR filed an amended petition alleging, among other things, that petitioner used heroin throughout her pregnancy with K.G.-2. The child's umbilical cord also tested positive for heroin. On October 20, 2017, the circuit court held a review hearing, and the DHHR reported that petitioner continued to test positive for illicit substances but was seeking inpatient treatment. On November 7, 2017, petitioner did not appear for what was scheduled as an adjudicatory hearing on the amended petition, but was represented by counsel. The DHHR reported that petitioner checked into an inpatient substance abuse treatment program on October 31, 2017, but left on November 2, 2017, without completing the program. On December 20, 2017, the circuit court held an adjudicatory hearing on the amended petition and petitioner admitted to using heroin during her pregnancy with K.G.-2. Petitioner was adjudicated of abuse and neglect as to K.G.-2 and the continued abuse and neglect of her other children based upon her substance abuse and packaging drugs in the children's presence.

On February 23, 2018, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner failed to complete inpatient substance abuse treatment and that she continued to test positive for heroin. Out of approximately two hundred drug screens, petitioner failed to appear for approximately sixty-three screens, tested positive on forty-two screens, and had approximately ninety-five negative screens. Following the presentation of testimonial evidence, the DHHR argued that the children had been in the DHHR's custody for twenty-one months, and that, during that time, petitioner failed to complete substance abuse treatment. Following arguments, the circuit court noted that the children were in need of continuity of care and caretakers and that returning to petitioner's home was not in the children's

best interests. The circuit court found that the DHHR made reasonable efforts during the proceedings to reunify the family. It further found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. Petitioner's request for post-termination visitation was denied. Ultimately, the circuit court terminated petitioner's parental rights in its March 27, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. In support, she argues that disposition under West Virginia Code § 49-4-604(b)(6) "should only be considered as a last resort." However, West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the child. Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has not "responded to or followed through with a reasonable family case plan or other rehabilitative efforts."

While petitioner was compliant with the terms and conditions of her post-adjudicatory improvement period at the beginning of the proceedings, she resumed her substance abuse in April of 2017 and continued to test positive for illegal substances until February of 2018, when the dispositional hearing was held. Although she argues that she "did not give up on attempting to get treatment," during the twenty-one months that the proceedings were pending, petitioner

---

[3]The parental rights of K.T-G.'s and K.T.'s mother were also terminated. The parental rights of the children's respective fathers were also terminated. The permanency plan for K.C., K.G.-1, and K.G.-2 is adoption by their maternal aunt. The permanency plan for K.T. and K.T-G. is to continue in the legal guardianship of their maternal grandparents.

failed to complete an inpatient substance abuse treatment program as required by her case plan. Indeed, the record shows that petitioner submitted to such treatment for less than a week. Petitioner continued to abuse substances during her pregnancy with K.G.-2, resulting in the child being born with substances in her system. The record shows that petitioner also participated in "drug activity" in the home during an unsupervised visit with the children in August of 2017. Due to her failure to complete treatment, continued substance abuse, and drug activity in the home during the proceedings, the circuit court was correct in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of petitioner's parental rights was in the children's best interests.

Petitioner further asserts that her parental rights should remain intact to allow her "more time to seek treatment for her substance abuse problem[.]" She argues that the children were placed with her aunt, "so there was no need to terminate her parental rights." However, we have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The circuit court was not required to provide petitioner every possible opportunity to improve, especially when there was no reasonable likelihood that she would improve. Regardless of the children's placement with a fit relative, granting petitioner a less-restrictive dispositional alternative would only delay permanency for the children. Finally, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's order terminating petitioner's parental rights rather than imposing a less-restrictive dispositional alternative.

Finally, petitioner argues that the circuit court erred in denying post-termination visitation with the children. In support, she asserts that she has a "very strong bond with her children." We do not find this argument persuasive.

4

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D*., 211 W.Va. 79, 562 S.E.2d 147 (2002). While it is uncontested that petitioner may have a close bond with the children, her continued substance abuse and failure to complete treatment demonstrate that continued contact with the children is not in their best interests. Therefore, we find the circuit court did not abuse its discretion in denying petitioner post-termination visitation with the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 27, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating